# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
8/2/2022 12:09 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMJD**
   MICHAEL C. KANE. ESQ.
2  Nevada Bar No. 10096
   BRADLEY J. MYERS, ESQ.
3  Nevada Bar No. 8857
4  **THE702FIRM INJURY ATTORNEYS**
   400 S. 7th Street, Suite 400
5  Las Vegas, Nevada 89101
   Telephone:      (702) 776-3333
6  Facsimile:      (702) 505-9787
   E-Mail:         service@the702firm.com
7  *Attorneys for Plaintiff*

CASE NO: A-22-856298-C
Department 3

8                      **DISTRICT COURT**
9                  **CLARK COUNTY, NEVADA**

10  BEATRIZ GARCIA                          | Case No. :
                                            | Dept. No.:
11       Plaintiff,

12  vs.
                                            **COMPLAINT**
13  SMITH'S FOOD & DRUG CENTERS, INC,   **AND DEMAND FOR JURY TRIAL**
    dba SMITH'S FOOD & DRUG #348;
14  DOE SMITH'S EMPLOYEE 1;
15  DOES II through X, inclusive; and ROE
    CORPORATIONS IX through XX, inclusive;
16
        Defendants.
17

18      Plaintiff BEATRIZ GARCIA, by and through her attorneys of record, MICHAEL C.

19  KANE, ESQ., and BRADLEY J. MYERS, ESQ., of THE702FIRM INJURY ATTORNEYS, and

20  for her Complaint against the Defendants, and each of them, states, asserts and alleges as follows:

21                      **JURISDICTIONAL STATEMENT**

22      The Eighth Judicial District Court has jurisdiction of this civil tort action in accordance

23  with NRCP8 (a)(4), NRS 13.040 and NRS 41.130 as the incident and location occurrence giving

24  rise to this matter occurred in Clark County, Nevada and the amount in controversy exceeds

25  $15,000.

26                      **GENERAL ALLEGATIONS**

27      1.      Plaintiff BEATRIZ GARCIA ("GARCIA") is and was, at all times relevant to these

28  proceedings, a resident of the State of Nevada.

THE702FIRM
ATTORNEYS AT LAW
00 S. Seventh Street, Suite 400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

1

2.     Upon information and belief, Defendant SMITH'S FOOD & DRUG CENTERS INC, is and was a Foreign Corporation, duly authorized to and conducting business as SMITH'S FOOD & DRUG Store #348, located at 1000 N. Green Valley Parkway, Henderson, Clark County, Nevada. ("SMITHS" or "Subject Property").

3.     Upon information and belief, Defendants, and each of them, at all times relevant herein, owned, controlled, maintained, managed the Subject Property and had certain responsibilities in maintaining and/or control over the maintenance of the Subject Property.

4.     Upon information and belief, Defendant DOE SMITH'S EMPLOYEE 1 and Defendant DOES II through X are residents of Nevada, and were working within the course and scope of their employment at all times herein.

5.     That the true names and capacities of Defendants named herein as Defendant DOE SMITH'S EMPLOYEE 1, Defendant DOES II through X, and ROE CORPORATIONS IX through XX, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, who, therefore, sues said Defendants so designated herein by fictitious names.

6.     Plaintiff is informed and believes and therefore alleges that Defendants, including Defendant DOE SMITH'S EMPLOYEE 1, Defendant DOES II through X, and ROE CORPORATIONS IX through XX, are owners, agents, employees, general contractors, sub-contractors, and/or assigns of Defendants, who, while within the scope and course of their assigned duty or task with said Defendants, were wholly or partially responsible in some manner for the negligence alleged herein and were, at all times mentioned in this Complaint, persons and/or entities who managed, controlled, maintained, inspected, leased, and/or owned the Property at issue in this Complaint, and are responsible in some manner for the events and happenings referred to in this action on or about AUGUST 17, 2020, which proximately caused damage to Plaintiff as alleged herein.

7.     The legal responsibility of said Defendants, including Defendant DOE SMITH'S EMPLOYEE 1, Defendant DOES II through X, and ROE CORPORATIONS IX through XX arises out of, but is not limited to, their status as owners and/or their maintenance and/or entrustment and/or possession of the premises which Defendants, and each of them, were

THE702FIRM
ATTORNEYS AT LAW
00 S. Seventh Street, Suite 400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

2

1  operating at the time of the subject injury; and/or their agency, master/servant or joint venture

2  relationship with remaining said Defendants. Plaintiff will ask leave of this Honorable Court to

3  amend this Complaint to insert the true names and capacities of said Defendants and, when the

4  same have been ascertained, to join such Defendants in this action together with the proper

5  charging allegations pursuant to *Nurenberger Hercules-Werke GMBH v. Virostek,* 107 Nev. 873,

6  822 P.2d 1100 (1991) and NRCP 10 *et seq.*

7      8.      Plaintiff is informed and believes and thereon alleges that at all relevant times

8  mentioned herein, the above listed Defendants, and each of them, including Defendant DOE

9  SMITH'S EMPLOYEE 1, Defendant DOES II through X, and ROE CORPORATIONS IX

10  through XX, were principals/agents, masters/servants, employers/employees, and/or joint venture

11  partners and/or employees of the remaining Defendants and were acting within the course and

12  scope of such agency, employment, partnership, and/or joint venture and with the knowledge and

13  consent of the remaining Defendants. As such, each partner, employer, master, and/or principal is

14  vicariously liable for the said negligent actions of its employee, servant, and/or agent pursuant to

15  NRS 41.130 and its imputation of liability as a matter of law.

16      9.      Upon further information and belief, the above-named Defendants, and each of

17  them, including Defendant DOE SMITH'S EMPLOYEE 1, Defendant DOES II through X,  and

18  ROE CORPORATIONS IX through XX, operated, occupied, controlled, leased, managed,

19  performed work, maintained, promoted, advertised, provided briefings about, employed or

20  otherwise engaged in actions surrounding and benefiting the property, and/or were responsible for

21  the condition, maintenance and upkeep of the Subject Property and in particular the entrance of the

22  property at or near where the incident occurred.

23      10.     On or about AUGUST 17, 2020, Plaintiff GARCIA was lawfully present at

24  Defendant SMITHS Subject Property, 1000 North Green Valley Parkway, Henderson, Clark

25  County, Nevada, as an invitee/patron of SMITHS.

26      11.     As Plaintiff GARCIA approached the front door entrance of the subject property,

27  walking from the outside parking lot toward the inside of the grocery store, she was struck by a

28  train of shopping carts that Defendant SMITH'S DOE EMPLOYEE 1 had been pushing directly

THE702FIRM
ATTORNEYS AT LAW
400 S. Seventh Street, Suite 400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

3

1    behind Plaintiff ("Dangerous Condition"), hitting Plaintiff in the back, causing Plaintiff to sustain
2    serious injuries.

3        12.    Upon information and belief, at the same time and place, DOE Defendants were
4    employees, agents, servants, and/or representatives of the above-named Defendants including
5    ROE CORPORATIONS IX through XX, and were working in the course and scope of their
6    employment for said Defendants, at the time of the aforementioned accident, and created,
7    observed, knew, or were informed of the Dangerous Condition and failed to remedy the Dangerous
8    Condition or otherwise warn of the same, prior to Plaintiff falling.

9                          **FIRST CLAIM FOR RELIEF**
10                              (*Negligence*)

11       13.    Plaintiff repeats and realleges the above allegations as though fully set forth herein
12   at length.

13       14.    On or about AUGUST 17, 2020, Defendants, and each of them, undertook actions,
14   including certain control and maintenance of the Subject Property, thereby assuming duties of
15   care.

16       15.    On or about AUGUST 17, 2020, upon information and belief, Defendants, and
17   each of them, including certain DOE SMITH'S EMPLOYEE 1, DOE DEFENDANTS and/or
18   ROE CORPORATIONS, had a non-delegable duty to maintain, control, and/or manage the
19   Subject Property in a reasonably safe and suitable condition, and owed a duty of due care to
20   persons on or around the Subject Property, including Plaintiff.

21       16.    Defendants, and each of them, breached that duty when they either negligently
22   created the Dangerous Condition, and/or further failed to provide adequate training to employees
23   and/or warnings of the Dangerous Condition to patrons.

24       17.    Further, Defendants, and each of them, failed to monitor, supervise, manage and/or
25   maintain the premises and/or employees; and further failed to warn Plaintiff of hazards or said
26   Dangerous Condition which resulted in her injuries, all in breach of Defendants' duty of due care.

27       18.    Defendants, and each of them, upon information and belief, are and were the
28   owners and/or managers of, and responsible to provide and maintain a safe area for their patrons

THE702FIRM
ATTORNEYS AT LAW
00 S. Seventh Street, Suite 400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

4

while on the Subject Property, and specifically the areas where people walk in entering and exiting the premises.

19.     Defendants, and each of them, have a non-delegable standard of care to maintain the premises in a reasonably safe and suitable condition.

20.     Defendants' said breach of their duty of care directly and proximately caused injury to Plaintiff.

21.     Upon information and belief, Defendants, and each of them, knew, or should have known, that the failure to adequately maintain their premises and avoid the presence of the Dangerous Condition could lead to injury.

22.     Upon information and belief, prior to the severe injuries suffered by Plaintiff, Defendants, and each of them, had knowledge of the Dangerous Condition, and failed to remedy said condition resulting in Plaintiff's personal injuries.

23.     Upon information and belief, Defendants, and each of them, knew, or reasonably should have known, that a Dangerous Condition existed on or about the area of the Property where Plaintiff was walking, which was otherwise unfit for invitees of Defendants, including Plaintiff.

24.     Upon information and belief, Defendants, and each of them, failed to caution, warn, place signs, or otherwise make safe, or remedy, the Dangerous Condition.

25.     Accordingly, Defendants negligently, carelessly, and recklessly maintained and allowed the Dangerous Condition to exist.

26.     Upon information and belief, Defendants, and each of them, including DOE and ROE Defendants, were principals/agents, masters/servants, employers/employees, and/or joint venture partners and/or employees of the remaining Defendants and were acting within the course and scope of such agency, employment, partnership, and/or joint venture and with the knowledge and consent of the remaining Defendants. As such, each partner, employer, master, and/or principal is vicariously liable for the negligent actions of its DOE(s) employee, servant, and/or agent pursuant to NRS 41.130 and its imputation of liability as a matter of law, which states:

> [e]xcept as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing

the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

27.     Pursuant to respondeat superior, Defendants, and each of them, are vicariously liable for the damages caused by their employee's actions and negligence.

28.     At all times mentioned herein, there were in force statutes, ordinances, and regulations prohibiting the conduct exhibited by Defendants, and each of them.

29.     Upon information and belief, Defendants maintained and were in control of the area and but for the negligence of Defendants, this Dangerous Condition would not exist.

30.     Accordingly, an inference as a proximate cause of said negligence of Defendants exists herein, as a matter of law under negligence per se.

31.     Defendants as owners of the underlying property and managing agent of Property owed Plaintiff a duty of due care to warn her of the non-obvious, latent and Dangerous Condition.

32.     Defendants breached the duty of due care by, without limitation, failing to inspect and/or otherwise failing to warn Plaintiff of the dangerous, concealed and non-obvious condition.

33.     In the alternative, the accident happened with an instrumentality in the exclusive control of Defendants; and such accident would not have occurred but for the negligence of said Defendants as Plaintiff traversed the area as intended.

34.     Upon information and belief, Defendants had superior knowledge of the Dangerous Condition and under the doctrine of *res ipsa loquitur* (the thing speaks for itself), Defendants, and each of them, are presumed negligent herein, or an inference arises of such negligence.

35.     The Dangerous Condition violated UBC code, and which is applicable in the subject jurisdiction, for which Defendants are negligent per se.

36.     Plaintiff is a member of the class of persons for whose protection said building code, industry standard, statutes, codes, ordinances, and regulations were enacted or promulgated.

37.     Plaintiff's injuries are the type of injuries that said building code, statutes, codes, ordinances, and regulations were intended to prevent and protect against.

38.     Prior to the injuries complained of herein, Plaintiff was able-bodied, readily and physically capable of engaging in all other activities for which she was otherwise suited.

39.     As a direct and proximate result of the aforementioned, Plaintiff sustained injuries to her neck, back, limbs, body, organs, and systems, all or some of which may be permanent and disabling in nature, all to her general damage in a sum in excess of $15,000.00.

40.     As a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for her injuries, all to her special damage in a sum in excess of $15,000.00. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount.

41. .   Due to her injuries as set forth herein, Plaintiff has sustained pain, suffering, loss of enjoyment of life, past, present and future, in an amount in excess of $15,000.00.

42.     As a direct and proximate result of Defendants' negligence, Plaintiff has been compelled to retain the services of an attorney to represent her in this action and is, therefore, entitled to reasonable attorney's fees and costs incurred herein.

## SECOND CAUSE OF ACTION

### (Negligent Hiring, Training, Retention, and Supervision)

43.     Plaintiff repeats and realleges the above allegations as though fully set forth herein at length.

44.     At all times mentioned herein, Defendants, and each of them, including certain DOE SMITH'S EMPLOYEE 1, DOE DEFENDANTS, and/or ROE CORPORATIONS, had a duty to hire competent persons, properly train them for tasks they would perform, and supervise them in performance of those tasks.

45.     Upon information and belief, Defendants, and each of them, breached their duty to properly train, retain, manage and/or supervise its employees in that said employees unreasonably created said Dangerous Condition; and further failed to warn of the same or remedy the condition, exposing others to an unsafe condition.

46.     Upon information and belief, at all times mentioned herein, there were in force statutes, ordinances, regulations and/or industry standards prohibiting or advising against the conduct exhibited by Defendants, and each of them.

47.     Plaintiff is a member of the class of persons for whose protection said statutes,

codes, ordinances, regulations and/or industry standards were enacted or promulgated; and Plaintiff's injuries are the type of injuries that said statutes, codes, ordinances, and regulations were intended to prevent and protect against.

48.    Prior to the injuries complained of herein, Plaintiff was able-bodied, readily and physically capable of engaging in all other activities for which she was otherwise suited.

49.    As a direct and proximate result of aforementioned Defendants' negligence in hiring, training, supervising, and/or controlling employee(s), including Defendants' DOE Employees, in failing to warn, remedy and/or otherwise avoid the Dangerous Condition, Plaintiff sustained injuries to her neck, back, limbs, body, organs, and systems, all or some of which may be permanent and disabling in nature, all to his general damage in a sum in excess of $15,000.00.

50.    As a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for her injuries, all to her special damage in a sum in excess of $15,000.00. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount.

51.    Due to her injuries as set forth herein, Plaintiff has sustained pain, suffering, loss of enjoyment of life, past, present and future, in an amount in excess of $15,000.00.

52.    As a direct and proximate result of Defendants' negligence, Plaintiff has been compelled to retain the services of an attorney to represent her in this action and is, therefore, entitled to reasonable attorney's fees and costs incurred herein.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff expressly reserves the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully attainable, and prays for judgment on all claims for relief against the Defendants, and each of them, as follows:

1.    General Damages for Plaintiff's pain, suffering, emotional distress, shock, loss of enjoyment of life, and agony in an amount in excess of $15,000.00.

2.    Special Damages for Plaintiff's medical expenses, past, present and future, in an amount excess of $15,000.00.

3.    Compensatory Damages in an amount in excess of $15,000.00.

1    4.    Costs of suit incurred including reasonable attorneys' fees.

2    5.    For such other relief as the Court deems just and proper.

3    DATED this 2nd day of August, 2022.

4

5                                          **THE702FIRM INJURY ATTORNEYS**

6                                          */s/ Michael Kane*

7                                          _____
                                           MICHAEL C. KANE, ESQ.
8                                          Nevada Bar No. 10096
                                           BRADLEY J. MYERS, ESQ.
9                                          Nevada Bar No. 8857
                                           400 S. 7th Street, Suite 400
10                                         Las Vegas, Nevada 89101
                                           Telephone:    (702) 776-3333
11                                         Facsimile:    (702) 505-9787
                                           E-Mail:       service@the702firm.com
12                                         *Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2    Plaintiff, by and through her attorneys of record, THE702FIRM INJURY ATTORNEYS,

3    hereby Demands a jury trial of all of the issues in the above matter.

4

5        DATED this 2ⁿᵈ day of August, 2022.

6
                                            THE702FIRM INJURY ATTORNEYS
7
                                            /s/ Michael Kane
8
                                            _____
9                                           MICHAEL C. KANE, ESQ.
                                            Nevada Bar No. 10096
10                                          BRADLEY J. MYERS, ESQ.
                                            Nevada Bar No. 8857
11                                          400 S. 7ᵗʰ Street, Suite 400
                                            Las Vegas, Nevada 89101
12                                          Telephone:    (702) 776-3333
                                            Facsimile:    (702) 505-9787
13                                          E-Mail:       service@the702firm.com
                                            Attorneys for Plaintiff
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically Filed
8/10/2022 2:16 PM
Steven D. Grierson
CLERK OF THE COURT

1  **SUMM**
MICHAEL C. KANE, ESQ.
2  Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
3  Nevada Bar No. 8857
4  **THE702FIRM**
400 South 7th Street, #400
5  Las Vegas, Nevada 89101
Telephone:    (702) 776-3333
6  Facsimile:    (702) 505-9787
*E-Mail:*        *service@the702firm.com*
7  *Attorneys for Plaintiff*

8
                          **DISTRICT COURT**
9
                    **CLARK COUNTY, NEVADA**
10
                                                    A-22-856298-C
11  BEATRIZ GARCIA                    CASE NO.:
                                      DEPT NO.:
12        Plaintiff,

13  vs.
                                            **SUMMMONS**
14  SMITH'S FOOD & DRUG CENTERS, INC,
dba SMITH'S FOOD & DRUG #348;
15  DOE SMITH'S EMPLOYEE 1;
DOES II through X, inclusive; and ROE
16  CORPORATIONS IX through XX, inclusive;

17        Defendants.

18  **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU**
19  **WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ**
   **THE INFORMATION BELOW.**
20
21  **TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiffs against you for
the relief set forth in the Complaint.
22
23       **SMITH'S FOOD & DRUG CENTERS, INC, dba SMITH'S FOOD & DRUG #348**

24       1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on
you, exclusive of the day of service, you must do the following:
25
26       a.     File with the Clerk of this Court, whose address is shown below, a formal written
response to the Complaint in accordance with the rules of the Court, with the appropriate filing
fee.
27
28       b.     Serve a copy of your response upon the attorney whose name and address is
shown below.

**THE702FIRM**
**ATTORNEYS AT LAW**
**400 S. 7th St. #400**
**LAS VEGAS, NEVADA 89101**
**PHONE: (702) 776-3333**

1

2    2.   Unless you respond, your default will be entered upon application of the Plaintiff and
     this Court may enter a judgment against you for the relief demanded in the Complaint, which
3    could result in the taking of money or property or other relief requested in the Complaint.

4    3.   If you intend to seek the advice of an attorney in this matter, you should do so
     promptly so that your response may be filed on time.
5

6    4.   The State of Nevada, its political subdivisions, agencies, officers, employees, board
     members, commission members and legislators, each have 45 days after service of this Summons
7    within which to file an Answer or other responsive pleading to the Complaint.

8    Submitted By:                              CLERK OF COURT

9                                               Josefina San Juan          8/2/2022

10   By: /s/ Michael C. Kane
     Name: Michael C. Kane, Esq.               Deputy Clerk                 Date
11   Address: 400 South 7th Street, 4th Floor   Regional Justice Center
     City/State/Zip: Las Vegas, Nevada 89101    200 Lewis Avenue
12   Telephone: (702) 776-3333                  Las Vegas, Nevada 89155
     Attorney for:   Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THE702FIRM**
ATTORNEYS AT LAW
400 S. 7th St. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

# AFFIDAVIT OF SERVICE

Job # 18770

**Client Info:**

The 702 Firm
400 S. 7th Street
Suite 400
Las Vegas, NV  89101

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | District Court |
| BEATRIZ GARCIA | Court Division: Dept. No.: 3 |
| -versus- | County of Clark, Nevada |
| **DEFENDANT:** | |
| SMITH'S FOOD & DRUG CENTERS, INC, dba SMITH'S FOOD & DRUG | Issuance Date: 8/2/2022 Court Case # **A-22-856298-C** |
| #348; DOE SMITH'S EMPLOYEE 1; DOES II through X, inclusive; | |
| and ROE CORPORATIONS IX through XX, inclusive; | |

**Service Info:**

**Date Received: 8/2/2022** at **01:01 PM**
**Service:** I Served **SMITH'S FOOD & DRUG CENTERS, INC, dba SMITH'S FOOD & DRUG #348**
With: **SUMMONS; COMPLAINT AND DEMAND FOR JURY TRIAL**
by leaving with **Kris, AUTHORIZED TO ACCEPT FOR R.A. COMPANY**

**At Business RA:** CORPORATION SERVICE COMPANY - 112 N. CURRY ST. CARSON CITY, NV 89703
Latitude: **39.164440**,  Longitude: **-119.768277**

On **8/5/2022** at **11:35 AM**
**Manner of Service: CORPORATE**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS; COMPLAINT AND DEMAND FOR JURY TRIAL** to: **Kris** ,
**AUTHORIZED TO ACCEPT FOR R.A. COMPANY** at the address of: **RA: Corporation Service Company - 112 N. Curry St.
Carson City, NV 89703** with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person
of suitable age and discretion at the address, which address is the address of the resident agent as shown on the current certificate of
designation filed with the Secretary of State or entities usual place of business.

I **Jon Salisbury** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was
served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and
that the facts stated in it are true.

Signature of Server: _____
**Jon Salisbury**
Lic # **2100C**
**LV Process and Investigations, LLC**
License #2039
7181 N. Hualapai Way Suite 130-9
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **18770**

SUBSCRIBED AND SWORN to before me this 8ᵗʰ day of August , 2022 by Jon Salisbury
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.



_____
NOTARY PUBLIC for the state of Nevada

SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-08-23
Certificate No: 15-3221-2




1 of 1

Electronically Filed
8/25/2022 1:00 PM
Steven D. Grierson
CLERK OF THE COURT

**ANSC**
JERRY S. BUSBY
Nevada Bar #001107
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard  - #195
Las Vegas, Nevada  89102
(702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| BEATRIZ GARCIA | CASE NO.:   A-22-856298-C |
| Plaintiff, | DEPT. NO.:  III |
| vs. | |
| SMITH'S FOOD & DRUG CENTERS, INC, dba SMITH'S FOOD & DRUG #348; DOE SMITH EMPLOYEE 1; DOES II through X, inclusive; and ROE CORPORATIONS IX through XX, inclusive; | **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendants. | |

COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., improperly identified in the Complaint as SMITH'S FOOD & DRUG CENTERS, INC, dba SMITH'S FOOD & DRUG #348, by and through its attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby answers Plaintiff's Complaint on file herein as follows:

### I.

The paragraph in that portion of Plaintiff's Complaint entitled "**JURISDICTIONAL STATEMENT**" states a legal conclusion which is the sole province of the Court to determine.  This answering Defendant therefore denies said Paragraph.

### II.

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 1, 4, 5, 6, 7, 8, 9, 10, 11 and 12 of Plaintiff's Complaint and upon said ground, denies each and every allegation contained therein.

CLAC 7101119.1

### III.

In response to Paragraph 2 of Plaintiff's Complaint, this answering Defendant admits that it is and was a Foreign Corporation, duly authorized to and conducting business as SMITH'S including store #348, located at 1000 N. Green Valley Parkway, Henderson, Clark County, Nevada. This answering Defendant denies any remaining allegations contained in said Paragraph.

### IV.

In response to Paragraph 3 of Plaintiff's Complaint, this answering Defendant admits that it owned, controlled, maintained the SMITH'S store in question. This answering Defendant denies any remaining allegations contained in said Paragraph.

### V.

This answering Defendant, in response to Paragraph 13 of that portion of Plaintiff's Complaint entitled "**FIRST CLAIM FOR RELIEF** - (*Negligence*)", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

### VI.

Paragraphs 14, 15 18, 19, 26, 27, 30, 31, 34, 36 and 37 of that portion of Plaintiff's Complaint entitled "**FIRST CLAIM FOR RELIEF** - (*Negligence)*" state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

### VII.

This answering Defendant denies each and every allegation contained in Paragraphs 16, 17, 20, 21, 22, 23, 24, 25, 29, 32, 33, 35 and 42 of that portion of Plaintiff's Complaint entitled "**FIRST CLAIM FOR RELIEF** - (*Negligence*) ".

### VIII.

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 28, 38, 39, 40 and 41 of that portion of Plaintiff's Complaint entitled "**FIRST CLAIM FOR RELIEF** - (*Negligence*) " and upon said ground, denies each and every allegation contained therein.

### IX.

This answering Defendant, in response to Paragraph 43 of that portion of Plaintiff's

CLAC 7101119.1

Complaint entitled "**SECOND CAUSE OF ACTION** – (*Negligent Hiring, Training, Retention, and Supervision*)", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

## X.

Paragraphs 44 and 47 of that portion of Plaintiff's Complaint entitled **SECOND CAUSE OF ACTION** – (*Negligent Hiring, Training, Retention, and Supervision*)" state a legal conclusion which is the sole province of the Court to  determine.  This answering Defendant therefore denies said Paragraphs.

## XI.

This answering Defendant denies each and every allegation contained in Paragraphs 45, 46, 49 and 52 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION** – (*Negligent Hiring, Training, Retention, and Supervision*)".

## XII.

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 48, 50 and 51 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION** – (*Negligent Hiring, Training, Retention, and Supervision*)" and upon said ground, denies each and every allegation contained therein

## FIRST AFFIRMATIVE DEFENSE

Plaintiff did not use reasonable diligence to care for her injuries, thereby aggravating said injuries as a result.  Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution, or prudence for the protection of her own safety, and injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced

3

CLAC 7101119.1

1 | in proportion to said negligence of Plaintiff.

2 | **THIRD AFFIRMATIVE DEFENSE**

3 |      Plaintiff had notice of all of the facts and all of the acts of the Defendant as set forth in the
4 | Complaint, but nevertheless refrained from commencing this action in a timely manner, and has thereby
5 | been guilty of such laches as should in equity bar the Plaintiff from maintaining this action, in that the
6 | lapse of time has prevented and will prevent this answering Defendant from marshalling its evidence and
7 | preparing a defense.

8 |      WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of her
9 | Complaint on file herein; for costs and disbursements incurred in this action; and for such other and
10 | further relief as to the Court may deem proper.

11 |      Dated this 25th day of August, 2022.

12 |                        COOPER LEVENSON, P.A.

14 |             By   /s/ Jerry S. Busby
                      Jerry S. Busby
15 |                       Nevada Bar No. 001107
                      3016 West Charleston Boulevard - #195
16 |                       Las Vegas, Nevada  89102
                      Attorneys for Defendant
17 |                       SMITH'S FOOD & DRUG CENTERS, INC.

4

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and

that on this 25th day of August, 2022, I did cause a true copy of the foregoing **DEFENDANT**

**SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** to

be served upon each of the parties listed below via electronic service through the Eighth Judicial

District Court's Odyssey E-File and Serve System:

Michael C. Kane, Esq.
THE702FIRM INJURY ATTORNEYS
400 South Seventh Street – Suite 400
Las Vegas, NV 89101
Attorneys for Plaintiff

By   /s/ Theresa H. Rutkowski
An Employee of
COOPER LEVENSON, P.A.

5

CLAC 7101119.1

Electronically Filed
8/26/2022 5:10 PM
Steven D. Grierson
CLERK OF THE COURT

1 | **ABREA**
MICHAEL C. KANE. ESQ.
2 | Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
3 | Nevada Bar No. 8857
4 | **THE702FIRM**
400 S. 7ᵗʰ Street, Suite 400
5 | Las Vegas, Nevada 89101
Telephone:     (702) 776-3333
6 | Facsimile:     (702) 505-9787
E-Mail:        service@the702firm.com
7 | *Attorneys for Plaintiff*

8 |

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| BEATRIZ GARCIA | CASE NO.: A-22-856298-C |
| | DEPT. NO.: III |
| Plaintiff, | |
| vs. | |
| | **PETITION FOR EXEMPTION FROM ARBITRATION** |
| SMITH'S FOOD & DRUG CENTERS, INC, dba SMITH'S FOOD & DRUG #348; DOE SMITH'S EMPLOYEE 1; DOES II through X, inclusive; and ROE CORPORATIONS IX through XX, inclusive; | |
| Defendants. | |

Plaintiff, BEATRIZ GARCIA by and through her counsel of record, MICHAEL C. KANE, ESQ., and BRADLEY J. MYERS, ESQ., of THE702FIRM, hereby requests that the above-entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5, because the action has a probable jury award value in excess of $100,000.00.

## POINTS AND AUTHORITIES

## STATEMENT OF RELEVANT FACTS

On or about August 17, 2020, Plaintiff GARCIA was a patron and invitee present at Defendant SMITHS Subject Property, 1000 North Green Valley Parkway, Henderson, Clark County, Nevada. As Plaintiff GARCIA approached the front door entrance of the subject property, walking from the outside parking lot toward the inside of the grocery store, she was

THE702FIRM
ATTORNEYS AT LAW
400 S. Seventh Street, Suite 400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

1

Case Number: A-22-856298-C

1  struck by a train of shopping carts that Defendant SMITH'S DOE EMPLOYEE 1 had been

2  pushing directly behind Plaintiff ("Dangerous Condition"), hitting Plaintiff in the back, causing

3  Plaintiff to sustain serious injuries.

4  
**INJURIES AND DAMAGES**

5  
6  As a result of the incident described herein above, Plaintiff sustained serious injuries.

7  Plaintiff BEATRIZ GARCIA immediately felt pain in her neck pain, upper/mid back pain,

8  low back pain, left shoulder pain, right knee pain.  Plaintiff has undergone extensive chiropractic

9  care and physical therapy with minimal benefit. She still complains of neck pain with radiating

10  pain into the right arm, right shoulder pain, right wrist pain and mechanical low back pain that

11  radiates into the right posterior upper thigh.

12  Neck pain with radiating pain, numbness and tingling into the right arm in the C7 distribution.

13  Plaintiff often drops things and cannot lift a 1/2 gallon of milk.

14  
15  Plaintiff recently underwent an Anterior Cervical Discectomy Fusion at C5-C7.

16  Furthermore, counsel is still obtaining Plaintiff's medical records and bills.  Plaintiff is still

17  treating with her medical providers.

18  As a further proximate result of the Plaintiff's injuries herein, Plaintiff suffered damages

19  for pain, suffering and loss of enjoyment of life.

20  Medical bills for BEATRIZ GARCIA incurred to date:

21  
| 1. | Mountain West Chiropractic | $1,852.00 |
|---|---|---|
| 2. | Fabito Anesthesia & Pain Specialists | $3,765.15 |
| 3. | Advanced Spine & Posture | $13,597.00 |
| 4. | SimonMed Imaging | $3,626.00 |
| 5. | Clinical Neurology Specialists [Leo Germin, M.D.] | $1,000.00 |
| 6. | Advantage Diagnostic Imaging Center | $1,800.00 |

THE702FIRM
ATTORNEYS AT LAW
400 S. Seventh Street, Suite 400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

2

| | | |
|---|---|---|
| 7. | Henderson Hospital | $44,006.00 |
| 8. | PBS Anesthesia | $3,950.00 |
| 9. | Las Vegas Cardiology | $400.00 |
| 10. | Las Vegas Radiology | $3,650.00 |
| 11. | Quick Care Medical Devices | $25,250.00 |
| 12. | West Sunset Surgery Center | $80,545.55 |
| 13. | Nevada Family Care | $10,200.00 |
| 14. | OrthoCor Medical | $10,200.00 |
| 15. | Jackson Physical Therapy | $3,755.00 |
| 16. | Extremities Surgical Institute | $78,444.92 |
| 17. | The Spine & Brain Institute | $3,994.25 |
| 18. | Injured Rx | $4,080.00 |
| 19. | Reliatox Laboratories | $900.00 |
| 20. | Meta Pharmacy Services | $3,424.50 |
| 21. | Advanced Urgent Care | $2,464.61 |
| 22. | Advanced Spine & Posture | $13,597.00 |
| 23. | Pueblo Medical Imaging | TBD |
| 24. | Desert Radiology | TBD |
| 25. | Shadow Emergency Physicians | TBD |
| | **TOTAL:** | **$300,904.98** |

Due to the nature of Plaintiff's injuries, and the likelihood of permanence, the extent of damages in this matter is well in excess of the arbitration limit of $50,000.00.

## CONCLUSION

Based on the above and foregoing, Plaintiff respectfully requests that the Arbitration Commissioner exempt this case from the arbitration program in accordance with NAR 3A and 5A.

THE702FIRM
ATTORNEYS AT LAW
400 S. Seventh Street, Suite 400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

3

1        I hereby certify, pursuant to N.R.C.P. 11, this case to be within the exemption marked

2    above and am aware of the sanctions, which may be imposed against any attorney or party who

3    without good cause or justification attempts to remove a case from the arbitration program.

4        DATED this _26th_ day of August, 2022.

5
                  **THE702FIRM**

6

7                      */s/ Michael Kane*

8                      MICHAEL C. KANE, ESQ.
                  Nevada Bar No. 10096

9                      400 S. 7th Street, Suite 400
                  Las Vegas, Nevada 89101

10                     *Attorney for Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on the __26th__ day of August, 2022 I caused service of a true and

3   correct copy of the foregoing **PETITION FOR EXEMPTION FROM ARBITRATION** to be

4   made by the Eighth Judicial District Court's Odyssey eservice program, upon all parties

5
    registered to use this service, in accordance with the Clark County District Court's
6
7   Administrative Order No. 14-2, issued 5/9/14:

8   Jerry S. Busby, Esq.
    **COOPER LEVENSON, P.A.**
9   3016 West Charleston Boulevard - #195
    Las Vegas, Nevada 89102
10  jbusby@cooperlevenson.com
    *Attorneys for Defendant*
11  *SMITH'S FOOD & DRUG CENTERS, INC.*

12

13     I further certify that any parties listed below are not registered to use Odyssey and service

14  was made by depositing the same in the United States Mail in Las Vegas, Nevada, postage prepaid,

15  addressed as follows:

16      None.                              /s/ Amber Casteel

17

18                                         _____
                                           An employee of THE702FIRM
19

20

21

22

23

24

25

26

27

28